UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-30

ARCHIE SAXTON and　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
DEBORAH SAXTON

v.

COLONY SPECIALTY　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant's motion to dismiss was filed on January 29, 2015. Plaintiffs Archie Saxton and Deborah Saxton (collectively "Saxtons") were afforded an opportunity to respond but did not do so. The motion is now ripe for ruling. Because the Court finds insufficient factual support to establish diversity jurisdiction, however, the case is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

**I.　　SUMMARY OF FACTS AND CLAIMS**

Plaintiffs seek compensation for a fall, which Deborah Saxton ("Saxton") incurred on February 21, 2013. (Compl., DN 1). The Saxtons contend "unsafe steps" resulted in "severe injury," fracturing Deborah's leg and requiring surgery. *Id.* While the Complaint is silent on the location of the accident, according to Defendant's motion, this accident occurred on property insured by Defendant. (DN 15). The Complaint lists P.O. Box addresses for both Plaintiffs and Defendant. Plaintiffs have neither alleged nor offered any proof of the insured's liability. The Complaint alleges an insurance claim was filed but rejected on April 9, 2013.

1

This lawsuit was filed on February 21, 2014. Despite some delay to effectuate proper service of process, Defendant now contends dismissal is warranted for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD

The plaintiff has the burden to prove diversity jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913 (6th Cir. 1986). "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citations omitted).

Motions pursuant to Fed. R. Civ. P. 12(b)(6) require the Court "to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citation omitted). Nonetheless, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

## III. DISCUSSION

Plaintiffs' Complaint establishes no readily identifiable federal question nor has it established jurisdiction based on diversity of citizenship. Diversity jurisdiction is available where (i) the plaintiff and all of the defendants are citizens of different states, and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. While the Saxtons have not specifically alleged damages, in liberally construing the complaint the Court finds the amount-in-

controversy has been met. Plaintiffs seek "the value of the policy." (Compl., DN 1). The Saxtons allege that Deborah's injury required surgery, and it is conceivable the medical services she received could have exceeded $75,000.

Problematically, Plaintiffs have not established diversity of citizenship. Federal courts are statutorily granted diversity jurisdiction under 28 U.S.C. § 1332. That statute states:

> **(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--**
> **(A) every State and foreign state of which the insured is a citizen;**
> **(B)** every State and foreign state by which the insurer has been incorporated; and
> **(C)** the State or foreign state where the insurer has its principal place of business;

28 U.S.C. § 1332 (emphasis added). The Saxtons do not indicate what type of legal entity Colony Specialty is. Plaintiffs' allegations also omit Colony Specialty's principal place of business, the citizenship of the insured (and the insured's name), and the citizenship of Plaintiffs.

Instead, the Saxtons list the post office box addresses for both Plaintiffs and Defendant. These are insufficient to establish citizenship. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1986) (general allegations of residence, such as listing a post office box are insufficient to establish citizenship); *Smith v. Breakthrough Int'l*, No. 12-cv-01832-WHO, 2013 WL 4731245, at *4 (N.D. Cal. Sept. 3, 2013) (having a post office box would not be not sufficient proof of domicile); *Upshaw v. Andrade*, No. 10-11517-JLT, 2012 WL 996783, at *6 (D. Mass. Mar. 2, 2012) (listing a return address at a post office box in Hoboken, New Jersey is inadequate under the diversity statute to establish domicile); *Canning v. Poole*, 10-16-JBC, 2011 WL 588045, at *1 (E.D. Ky. Feb. 10, 2011) (stating that the P.O. Box address on a billing statement is

insufficient to establish that a person is a citizen of that state); *Hudson v. Divers Alert Network*, No. 4:08-cv-00036-JEG, 2008 WL 2705163, *2 (S.D. Iowa June 16, 2008). Because Plaintiffs have failed to establish diversity, this Court finds its lacks jurisdiction to adjudicate these claims.

Were this Court jurisdictionally proper, Plaintiffs' Complaint would fare little better. The Saxtons are obligated to pursue their claims but have failed to do so. The Sixth Circuit has affirmed dismissals for want of prosecution. *See, e.g.*, *Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986). Similarly, "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (table) (affirming a grant of an unopposed motion to dismiss). The Saxtons have made no filings with the court for over a year. While Plaintiffs responded to a notice of deficiency from the Court on March 5, 2014, they have not responded to Defendant's Motion to Set Aside (DN 12) filed on September 24, 2014 or its Motion to Dismiss (DN 15) filed on January 29, 2015. Were jurisdiction properly alleged, dismissal on this basis would be appropriate.

## IV. CONCLUSION

Because Plaintiffs have failed to establish jurisdiction, **IT IS HEREBY ORDERED** the case is **DISMISSED**.

Greg N. Stivers, Judge
United States District Court

March 26, 2015

cc: counsel of record
*pro se* plaintiffs

4